IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                        **Case No. 00-40104-01/02-RDR**

WILLIAM LEONARD PICKARD
and CLYDE APPERSON,

        Defendants.

_____

**O R D E R**

This matter is presently before the court upon defendants'
motion for relief under Fed.R.Civ.P. 60(b)(1) [Doc. # 656] and
motion to unseal document [Doc. # 657]. Having carefully reviewed
the motions, the court is now prepared to rule.

The court has many times set forth the past history of this
case, but we will do so again to put the instant motions in
context. The defendants were convicted of conspiracy to
manufacture lysergic acid diethylamide (LSD) in violation of 21
U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of
possession with intent to distribute LSD in violation of 21 U.S.C.
§§ 841(a)(1) and (b)(1)(A). Apperson was sentenced to thirty
years' imprisonment, and Pickard received a life sentence. See
United States v. Pickard, 298 F.Supp.2d 1140 (D.Kan. 2003); United
States v. Apperson, 298 F.Supp.2d 1149 (D.Kan. 2003). The
convictions and sentences were affirmed by the Tenth Circuit.
United States v. Apperson, 441 F.3d 1162 (10th Cir. 2006), cert.

denied, 549 U.S. 1117 (2007) and 549 U.S. 1150 (2007). The defendants then filed motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. These motions were denied on April 6, 2009. United States v. Pickard, 2009 WL 939050 (D.Kan.2009). The defendants then filed notices of appeal. On July 2, 2009 this court denied defendants' motions for certificates of appealability. While their appeals were pending, the defendants filed some additional motions, including several motions under Fed. R.Civ.P. 60(b). Given the pendency of the appeals, the court declined to consider any of these matters. On October 5, 2010 the Tenth Circuit denied defendants' certificate of appealability on their § 2255 motions and dismissed their appeals. United States v. Pickard, 2010 WL 3862877 (10th Cir. 2010). The court then considered the pending motions and denied part of them and transferred part of them to the Tenth Circuit pursuant to 28 U.S.C. § 2244(b)(3) on January 24, 2011. Following this ruling, the defendants filed the instant motions. The defendants then filed notices of appeal on March 25, 2011 directed at the court's order of January 24, 2011. Once again, based upon the pendency of this appeal, the court declined to consider the instant motions. The defendants then filed a motion for ruling or order to show cause. The defendants requested that the court rule on the pending motion to unseal. The court denied this request on September 7, 2011. United States v. Pickard, 2011 WL 4073223 (D.Kan. 2011). The

defendants then appealed that order. On October 17, 2011 the Tenth Circuit denied the defendants' certificate of appealability directed at the court's order of January 24, 2011 and dismissed their appeal. United States v. Pickard, 445 Fed.Appx. 61 (10ᵗʰ Cir. 2011). On April 16, 2012 the Tenth Circuit determined that the defendants could not appeal this court's order of September 7, 2011 because it was not an appealable order. United States v. Pickard, ___ F.3d ___, 2012 WL 1259012 at * 2 (10ᵗʰ Cir. 2012). The court also held that mandamus relief was not appropriate. Id. at * 3. With that ruling, the court shall now consider the pending motions.

**MOTION TO UNSEAL DOCUMENTS**

In its motion to unseal, the defendants seek to unseal several documents relating to Gordon Todd Skinner, the government's informant in this case. Specifically, they seek to unseal the following records from the Drug Enforcement Administration's files: (1) Skinner's risk assessment file; and (2) Skinner's confidential informant file. The defendants assert rights to unseal these documents under the First Amendment, the Sixth Amendment, and the common law. Counsel for the defendants has indicated that he possesses the unredacted copies of these documents, but he needs them unsealed for use in several proceedings, primarily Freedom of Information Act requests that are pending in other court actions and administrative proceedings. The defendants argue that these files should be unsealed because: (1)

the court has relied upon these documents at various times during the proceedings in this case; (2) the public has an interest in these documents and "a right to see the basis upon which his Court has made decisions that directly affected adjudications;" (3) the documents contain information that the court and government have already made public during this case; and (4) the government has not asserted any compelling and contrary government interest for nondisclosure.

The government has argued in response that the defendants have failed to show a legitimate need to unseal the documents. The government further contends that the defendants have not identified any public interest which outweighs the interests of the DEA in keeping informant files confidential.

The defendants rely upon the Sixth Amendment, the First Amendment, and the common law as a basis for unsealing these documents. The court notes initially that the defendants fail to provide any support for their contention that the Sixth Amendment provides a right of public access to confidential informant documents. By its terms, the Sixth Amendment guarantees a public trial. U.S. Const. amend. VI. The court is unaware of any case that indicates that the Sixth Amendment gives a right of public access to confidential informant information. See United States v. Brice, 649 F.3d 793, 797 (D.C.Cir. 2011). Even if such a right exists, we are confident that the interests of maintaining the

confidentiality of information concerning confidential informants outweigh any right of access by the defendants or the public.

The court next turns to the common law right of access. Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 & n. 7 (1978). The decision on access to the records is left to the sound discretion of the trial court. Id. at 599. The common law right of access is not absolute and can be overridden given sufficiently compelling reasons for doing so. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). A party may overcome the presumption of openness if it can show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise Co. v. Superior Court of California, 464 U.S. 501, 510 (1984). Courts have recognized two categories of witnesses whose privacy interests are understandably paramount: victims in sex crime cases and criminal informants. United States v. Ignasiak, 667 F.3d 1217, 1239 (11th Cir. 2012).

The court continues to believe that the DEA documents related to Skinner should remain under seal. The court acknowledges that some aspects of these matters have been referred to by this court and mentioned by the government at various times during these proceedings. Nevertheless, the court fails to find that all of the

information contained in the documents has been revealed.  The
court is further persuaded that some of it should not be revealed.
The defendants have failed to indicate exactly why these documents
now need to be unsealed.  They have not specifically explained what
information in any of the documents is necessary for them to use in
any appropriate legal proceeding.  The court remains convinced that
information concerning confidential informants should remain
private absent a compelling reason.  The court recognizes that much
of Skinner's life has been placed under the microscope in this
case, but we see no need for any further examination of his past.
The court finds that the defendants have not sufficiently
demonstrated the need for unsealing these documents.  The
defendants have also failed to adequately show why the public has
any interest in these documents.  Accordingly, the defendants'
motion to unseal document based upon the common law shall be
denied.

Finally, the court turns to the defendants' contention that
the First Amendment authorizes the unsealing of these documents.
The Supreme Court has not determined that there is First Amendment
right to access court documents.  See United States v. Gonzales,
150 F.3d 1246, 1256 (10th Cir. 1998).  Even assuming, without
deciding, that there is a First Amendment right to court documents,
that right is not absolute.  See Globe Newspaper Co. v. Superior
Court for Norfolk County, 457 U.S. 596, 606 (1982).  "Where . . .

the State attempts to deny the right of access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling government interest, and is narrowly tailored to serve that interest." Id. at 606-07. With this test in mind, we conclude, based upon our prior discussion, that any interest of the defendants is outweighed by the needs of the confidential informant. Accordingly, the court shall also deny defendants' motion to unseal based on the First Amendment.

**RULE 60(B)(1) MOTION REGARDING ORDER**

The defendants suggest that the court overlooked or failed to analyze their claim based upon Banks v. Dretke, 540 U.S. 668 (2004) in its order of January 24, 2011. The court finds this argument frivolous. On several occasions, the court has addressed Banks and attempted to inform the defendants of the holding and analysis offered by the Supreme Court. See, e.g., Pickard, 2009 WL 939050 at *20-21. The court certainly does not believe that it erred in failing to properly consider Banks. However, in an effort to once and for all put this issue to bed, the court will again address Banks and its impact on the defendants' arguments.

There are a number of problems with the defendants' argument. The court will address a few of them. First, the defendants never raised the Banks issue in their Rule 60(b)(1) motion. The motion failed to mention the Banks case. The defendants first raised Banks in their reply. In a reply, a litigant is limited to

rebuttal to matters raised in the memorandum opposing the motion. A reply may not properly be used to raise new arguments in support of a party's position.  See <u>Raiser v. Church of Jesus Christ of Latter-Day Saints</u>, 182 Fed.Appx. 810, 811 (10th Cir. 2006). Accordingly, the defendants' failure to raise this argument in the original motion constituted waiver.  See <u>United States v. Carpenter</u>, 24 Fed.Appx. 899, 905 n. 5 (10th Cir. 2001).

 Nevertheless, even if we were to again consider the argument, the court would find it lacking in merit.  The defendants have argued that, under <u>Banks</u>, materiality is no longer an issue where the prosecutor has withheld <u>Brady</u> material.  Contrary to this argument, <u>Banks</u> clearly addressed whether the evidence withheld by the government was "material."  The <u>Banks</u> court noted that "the materiality standard for <u>Brady</u> claims is met when 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.'"  <u>Id</u>. at 698 (quoting <u>Kyles v. Whitley</u>, 514 U.S. 419, 435 (1995)).  "In short, [a defendant] must show a 'reasonable probability of a different result.'" <u>Id</u>. at 699.  The Tenth Circuit reached the same conclusion in analyzing <u>Banks</u> in <u>Douglas v. Workman</u>, 560 F.3d 1156 (10th Cir. 2009).  As explained there:  "Prejudice satisfying the third element exists 'when the suppressed evidence is **material** for <u>Brady</u> purposes.'" <u>Douglas</u>, 560 F.3d at 1173 (quoting <u>Banks</u>, 540 U.S. at 691) (emphasis added).

The Tenth Circuit has further explained the materiality requirement of <u>Brady</u> in the context of impeachment evidence as follows:

> Where evidence "insignificantly impact[s] the degree of impeachment," it generally will "not be sufficient to meet the ... materiality standard." <u>Douglas v. Workman</u>, 560 F.3d 1156, 1174 (10th Cir. 2009). For example, where the credibility of a witness "has already been substantially called into question in the same respects by other evidence, additional impeachment evidence will generally be immaterial and will not provide the basis for a <u>Brady</u> claim." <u>Nuckols v. Gibson</u>, 233 F.3d 1261, 1267 n. 8 (10th Cir.2000) (quoting <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 251 (2 Cir.1998)) (internal quotation marks omitted). Furthermore, we have indicated that "an incremental amount of impeachment evidence on an already compromised witness does not amount to material evidence." <u>United States v. Trujillo</u>, 136 F.3d 1388, 1394 (10th Cir. 1998) (citing <u>United States v. Derr</u>, 990 F.2d 1330, 1336 (D.C.Cir. 1993)). Accordingly, we have "discarded as immaterial ... undisclosed impeachment evidence where it was cumulative of evidence of bias or partiality already presented 'and thus would have provided only marginal additional support for [the] defense.'" <u>Douglas</u>, 560 F.3d at 1174 (alteration in original) (quoting <u>Trujillo</u>, 136 F.3d at 1394).
>
> In contrast, suppressed evidence that "significantly enhanc[es] the quality of the impeachment evidence usually will" satisfy the materiality standard. <u>Douglas</u>, 560 F.3d at 1174. For example, "[e]vidence that provides a new basis for impeachment is not [considered] cumulative and could well be material." <u>United States v. Robinson</u>, 583 F.3d 1265, 1273 (10th Cir. 2009) (quoting <u>United States v. Wilson</u>, 481 F.3d 475, 480 (7th Cir. 2007)) (internal quotation marks omitted). "Merely because other impeachment evidence was presented does not [necessarily] mean that additional impeachment evidence is cumulative...." <u>Torres</u>, 569 F.3d at 1284.

<u>United States v. Cooper</u>, 654 F.3d 1104, 1120 (10th Cir. 2011).

The court has on numerous occasions indicated that the evidence asserted by the defendants regarding the failure of the

government to produce certain impeachment evidence of the informant Gordon Todd Skinner was cumulative of the substantial impeachment introduced against Skinner at trial and that, given the overwhelming evidence of the defendants' guilt, this new evidence would not have caused a different result at the trial.  The court remains confident that the evidence noted by the defendants does not undermine confidence in the verdict.

For all of these reasons, the court must deny defendants' motion for relief under Rule 60(b)(1) regarding the court's order of January 24, 2011.

**IT IS THEREFORE ORDERED** that defendants' motion to unseal documents (Doc. # 657) be hereby denied.

**IT IS FURTHER ORDERED** that defendants' Rule 60(b)(1) motion regarding order (Doc. # 656) be hereby denied.

**IT IS SO ORDERED.**

Dated this 9th day of May, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge